NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 27 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SOUTHWEST REGIONAL COUNCIL OF CARPENTERS,<br><br>     Plaintiff-counter-claim-<br>     defendant-Appellee,<br><br>  v.<br><br>MICHAEL MCCARRON, AKA William Michael McCarron,<br><br>     Defendant-third-party-<br>     plaintiff-Appellant,<br><br>  v.<br><br>DECARLO & SHANLEY, P.C.,<br><br>     Third-party-defendant-<br>     Appellee. | No.   19-55154<br><br>D.C. No.<br>2:14-cv-02762-JVS-JC<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted November 25, 2019[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Before: THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

Michael McCarron appeals pro se the district court's judgment dismissing his third-party claims against the law firm DeCarlo & Shanley, P.C., and awarding costs in an action brought by Southwest Regional Council of Carpenters ("SWRCC") under the Labor Management Reporting and Disclosure Act ("LMRDA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim. *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 652 (9th Cir.), *cert. denied*, No. 19-77, 2019 WL 4922669 (Oct. 7, 2019). We review the district court's award of costs for an abuse of discretion. *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1202 (9th Cir. 2016). We affirm in part and vacate and remand in part.

The district court correctly concluded that McCarron's third-party claims under California law against DeCarlo & Shanley were preempted under the Employee Retirement Income Security Act's ("ERISA") express preemption provision, 29 U.S.C. § 1144(a). McCarron's state-law claims were premised on the law firm's advice that he, as a trustee of Southwest Carpenters Training Fund, an ERISA trust fund, and an officer of SWRCC, should cause SWRCC to repay a lease overcharge because the lease was a prohibited transaction under ERISA. Accordingly, the state-law claims bore on an ERISA-regulated relationship and therefore were preempted. *See Depot, Inc.*, 915 F.3d at 666. We therefore affirm

2

the district court's dismissal of McCarron's third-party claims.

The district court overlooked its responsibility under Fed. R. Civ. P. 54(d)(1) to provide reasons for its denial of costs to McCarron as a prevailing party against SWRCC on SWRCC's LMRDA claim. *See Ass'n of Mexican-American Educators v. State of California*, 231 F.3d 572, 591-92 (9th Cir. 2000) (en banc) (there is a presumption in favor of awarding costs to a prevailing party, and the district court must give reasons for its refusal to award costs). We therefore vacate the district court's judgment in part and remand with instructions for the district court to explain its ruling.

The motion for judicial notice (Docket Entry No. 14) is denied.

The parties shall bear their own costs on appeal.

**AFFIRMED in part; VACATED and REMANDED in part.**